UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY BENSON; and DEBORAH BENSON,

       Plaintiffs,

v.                 1:22-CV-0904
                   (GTS/CFH)
WEST COAST SERVICING, INC.; and FCI
LENDER SERVICES, INC.,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

LARRY BENSON and DEBORAH BENSON
 Plaintiffs, *Pro Se*
6 Spa Drive
Saratoga Springs, NY 12866

HASBANI & LIGHT P.C.         DANIELLE P. LIGHT, ESQ.
 Counsel for Defendants
750 Seventh Avenue, Suite 1408
New York, NY 10123

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this breach-of-contract action filed by Larry and Deborah Benson ("Plaintiffs") against West Coast Servicing, Inc. and FCI Lender Services, Inc. ("Defendants"), are Defendants' motion to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and Defendants' letter-motion requesting that the Court decide their motion to dismiss without waiting further for a response from Plaintiffs. (Dkt. Nos. 7, 13.)   For the reasons set forth below, both of Defendants' motions are granted, and Plaintiffs' Complaint is dismissed.

I.      **RELEVANT BACKGROUND**

    A.      **Plaintiff's Claims**

Generally, liberally construed, Plaintiffs' Complaint asserts the following six claims against Defendants arising from Defendants' servicing of Plaintiffs' mortgage: (1) a claim of improper servicing of a mortgage account based on (a) Defendants' statement of differing amounts owed at the same time, and (b) the failure of the entity that originated the mortgage (Household Finance Realty Corporation of New York, which later became bankrupt) to show either a calculation of the outstanding balance based on the amounts paid or the governing interest rate; (2) a claim of mishandling mortgage account funds based on (a) the failure of the entity that previously serviced the mortgage (again, Household Finance Realty Corporation of New York) to properly credit more than $104,000 in payments by Plaintiffs with regard to the mortgage, and (b) Defendants' liability for the actions of the previous mortgage servicer; (3) a claim of violation of the Fair Debt Collection Practices Act ("FDCPA") based on (a) Defendants threatening Plaintiffs with accusatory insults and accusatory language by telephone, and (b) telephoning Plaintiffs four times after 9:00 p.m.; (4) a claim of intentional infliction of emotional distress ("IIED") based on Defendants' confusing and specious mortgage statements, which caused Plaintiffs to experience stress, anxiety, and more than 100 sleepless nights and nightmares; (5) a claim of bank fraud and/or wire fraud based on (a) the fact that, during the origination of the mortgage loan, the mortgage rate was represented to be 9% per year but, at the closing of the mortgage loan, the mortgage rate was switched to 12.99% (constituting a "bait and switch tactic"), and (b) Defendants schemed to confuse Plaintiffs by mailing statements that showed differing amounts owed at the same time; and (6) a claim of unjust enrichment based on

Defendants' collection of mortgage payments that were not credited to Plaintiffs' account. (*See generally* Dkt. No. 2.) Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B. Parties' Briefing on Defendants' Motion

Generally, in support of their motion to dismiss, Defendants assert five arguments. (*See generally* Dkt. No. 7, Attach. 1 [Defs.' Memo. of Law].)

First, Defendants argue, Plaintiffs' first and second claims (for improper servicing of a mortgage account and mishandling mortgage account funds) are not cognizable, because (a) they do not cite the statute or common-law theory of liability on which they are based, and (b) in any event, their supporting factual allegations conspicuously ignore the fact that the Note and Mortgage clearly show the governing interest rate (undermining Plaintiffs' allegations of impropriety). (*Id*. at 6-7.)[1]

Second, Defendants argue, Plaintiffs' third claim (for violation of the FDCPA) is unsupported by factual allegations plausibly suggesting that (a) either Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another sufficient to be a "debt collector" pursuant to the FDCPA (as opposed to a creditor), (b) either Defendant, as a creditor, while in the process of collecting its own debts, used any name other than its own which would indicate that a third person is collecting or attempting to collect such debts, (c) either Defendant was the entity that called them four times after 9:00 p.m., (d) the telephone calls regarded the debt at issue, or (e) either Defendant made any inaccurate

---

[1] Record citations in this Decision and Order are to the screen numbers on the District's Case Management / Electronic Case Filing ("CM/ECF") System, not the page numbers stated on

3

representations during their efforts to collect the debt at issue. (*Id*. at 7-9.)

Third, Defendants argue, Plaintiffs' fourth claim (for IIED) is unsupported by factual allegations plausibly suggesting (a) extreme and outrageous conduct by Defendants, (b) an intent by Defendants to cause, or a disregard by them of a substantial probability of causing, severe emotional distress, (c) a causal connection between the conduct of Defendants and any injury to Plaintiffs, or (d) severe emotional distress suffered by Plaintiffs. (*Id*. at 9-10.)

Fourth, Defendants argue, Plaintiffs' fifth claim (for bank fraud and/or wire fraud) fails because (a) the Complaint fails to allege facts plausibly suggesting how Defendant FCI Lender Services, Inc., can be held liable for the alleged "bait and switch" when that Defendant is neither a lender nor an assignee of the loan (but merely, as the Complaint alleges in Paragraph 4, the loan's "serving agent"), (b) the claim is time-barred as having expired six-years after the origination of the loan, when Plaintiffs allege the interest rate changed during closing, and (c) the Complaint fails to allege facts plausibly suggesting the specific statements that were fraudulent, the identity of the speaker, where and when the statements were made, and an explanation of why the statements were fraudulent, as required by Fed. R. Civ. P. 9(b). (*Id*. at 10-12.)

Fifth, Plaintiffs' sixth claim (for unjust enrichment) fails because (a) it is unsupported by facts plausibly suggesting that either one or both Defendants benefitted at the Plaintiffs' expense and that equity and good conscience require restitution, and (b) in any event, a claim for unjust enrichment exists only in the absence of an affirmative agreement between the parties (and here such agreement is alleged to have existed in the form of the Note and Mortgage). (*Id*. at 12-13.)

Despite having been repeatedly notified of the deadline for their response to Defendants' motion (*see* Dkt. No. 9 and docket text for Dkt. No. 7), and having been granted an extension of

---

the documents themselves.

that deadline (*see* Dkt. No. 12), Plaintiffs have failed to respond to that motion. (*See generally* Docket Sheet.)

Rather than file a reply, Defendants filed a letter-motion requesting that the Court decide their motion to dismiss without waiting further for a response from Plaintiffs. (Dkt. No. 13.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing Motions to Dismiss for Failure to State Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[s]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has

5

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).   For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).   For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).   In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S. Ct. at 1968-69.   Rather than turn on the *conceivability* of an

---

[1]    *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

---

*Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2]  *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation

### B. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 7, Attach. 1 [Defs.' Memo. of Law].)

### C. Effect of Failing to Oppose a Motion

In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

Alternatively, the Court can deem the challenged claims abandoned (regardless of the

---

marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

9

facial merit of the unresponded-to arguments challenging those claims).  *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between pro se and counseled responses is appropriate. In the case of a pro se, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

**III.   ANALYSIS**

After carefully considering the matter, the Court grants Defendants' motion for the reasons stated therein.  *See, supra,* Part I.B. of this Decision and Order.   To those reasons, the Court adds four points (which are intended to supplement and not supplant those reasons).

First, on August 31, 2022, Plaintiffs were mailed courtesy copies of, among other things, Local Rule 7.1(a)(3) of the District's Local Rules of Practice (which states the consequences of a failure to respond to a motion).   (Dkt. No. 4.)   Furthermore, the fact that Plaintiffs requested an extension of their response deadline indicates that they understood the consequences of failing to file a response.   (Dkt. No. 11.)   As a result, the Court finds no reason to excuse Plaintiffs from the consequences of Local Rule 7.1(a)(3).   For these reasons (and because more than eight months have passed since the expiration of the response deadline without there having been a further filing by Plaintiffs), the Court grants Defendants' letter-motion requesting that the Court

decide their motion to dismiss without waiting further for a response from Plaintiffs. (Dkt. No. 13.)

Second, pursuant to Local Rule 7.1(a)(3), because Plaintiffs have failed to oppose Defendants' motion, Defendants' burden on their motion has been lightened to one of facial merit. *See, supra,* Part II.C. of this Decision and Order. Here, the Court finds that, at the very least, Defendants' numerous alternative arguments possess facial merit for the reasons stated therein. *See, supra,* Part I.B. of this Decision and Order. In any event, even if the Court were to subject Defendants' arguments to the scrutiny appropriate for a contested motion, the Court would find that those arguments survive that scrutiny.

Third, Defendants have attached to their motion to dismiss various documents that were not attached to Plaintiff's Complaint. (*Compare* Dkt. No. 7, Attach. 3-6 *with* Dkt. No. 2, at 8-45.) Pursuant to the points of law set forth above in the last paragraph of Part II.A. of this Decision and Order, the Court finds that it may consider each of these documents when deciding Defendants' motion to dismiss for failure to state a claim. In any event, even if the Court were not to consider these documents, the Court would find that Plaintiffs' Complaint fails to state a claim for the reasons stated by Defendants. *See, supra,* Part I.B. of this Decision and Order.

Fourth, and finally, generally, when a district court dismisses a *pro se* complaint, the plaintiffs will be allowed to amend that complaint. *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiffs' claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Pucci v. Brown*, 423 F. App'x 77, 78 (2d Cir. 2011). Here, the Court finds that any amendment of

11

Plaintiffs' claims would be futile given the substantive nature of the numerous alternative defects that Defendants assign to those claims. *See, supra,* Part I.B. of this Decision and Order. To those assigned defects, the Court would add only that, with regard to Plaintiffs' first and second claims (for improper servicing of a mortgage account and mishandling mortgage account funds), not only does Plaintiffs' Complaint fail to allege facts plausibly suggesting any impropriety or mishandling of an account by Defendants, but the documents that the Court may consider on Defendants' motion remove any plausible suggestion that Defendants committed either an impropriety or mishandling of Plaintiffs' mortgage account.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' letter-motion requesting that the Court decide their motion to dismiss without waiting further for a response from Plaintiffs (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 2) is **DISMISSED**.

Dated: September 8, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge